IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01400-REB-PAC (MEH)

NATURAL SODA, INC.,

    Plaintiff,

v.

AGRI-PRODUCTS, INC.,

    Defendant.

**ORDER FOR PAYMENT OF COSTS AND FEES**

This matter comes before the Court Plaintiff's Motion for Costs and Attorney's Fees Due to Defendant's Failure to Attend the Court-Ordered Settlement Conference [Docket #14]. On November 14, 2006, this Court set a Settlement Conference for this case and directed that parties with authority to settle be present for the Conference [Docket #11, pp. 9-10]. Defendant's representative failed to attend the Conference due to a scheduling error, although Defendant and defense counsel were aware of the Conference setting. Defendant failed to inform Plaintiff's counsel of the intent not to attend the Settlement Conference until the day of the Conference, January 22, 2007. By that time, Plaintiff's representative had flown to Denver, reserved a hotel, and reserved a rental car, intending to return the next day. Plaintiff's counsel had already driven from Grand Junction, Colorado. The Court could not conduct the Settlement Conference in the absence of a representative of one of the parties, despite Defendant's suggestion that the Conference go forward with Defendant's representative appearing by telephone.

The only fault in this incident lies with Defendant and or Defendant's counsel. Plaintiff's counsel should have been notified of the anticipated failure of Defendant's representative to appear

at the Conference. The Court simply believes that Plaintiff and its attorney should not suffer financially from this incident. Therefore, an allocation of costs and fees under the inherent authority of the Court and under Fed. R. Civ. P. 16(f) is appropriate.

The Court will award fees for those items related only to the Settlement Conference at which Defendant's representative failed to appear. Specifically, the Court finds that the time and costs related to traveling to the Settlement Conference and returning home, as well as drafting the Motion, are appropriate. The statement submitted by Plaintiff is reasonable and, indeed, fairly modest (*e.g.*, airfare of $228.80). The costs of the hotel and the rental car are appropriate. The mileage rate for Plaintiff's counsel is the prevailing federal rate. And the hourly rate of Plaintiff's counsel is not exorbitant. Plaintiff's counsel did not submit any time for drafting either the reply or the response to the motion to file sur-reply.

Accordingly, Defendant is ORDERED to pay to Plaintiff, care of Plaintiff's counsel, a sanction in the amount of three thousand seventy-one and 81/100 dollars ($3,071.81) no later than **May 15, 2007**. Either party shall file a Certificate of Compliance no later than May 21, 2007, indicating the same.

Dated at Denver, Colorado this 27th day of March, 2007.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge